**SCHMIDT KRAMER**
Michael E. Kosik, Esquire
Attorney ID# : 36513
209 State Street
Harrisburg, PA 17101
P (717) 232-6300
F (717) 232-6467
Attorneys for Plaintiff(s)
E-mail: mkosik@schmidtkramer.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERRY PONDER,** | : | **(Electronically Filed)** |
| | : | **CIVIL ACTION – LAW** |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **No.** |
| | : | |
| **CHARTER OAK FIRE** | : | |
| **INSURANCE COMPANY, A** | : | |
| **SUBSIDIARY OF TRAVELERS** | : | |
| **COMPANIES, INC.** | : | |
| | : | |
| **Defendant** | : | **JURY TRIAL DEMANDED** |

### COMPLAINT

AND NOW, comes the Plaintiff, Kerry Ponder, by and through his attorneys, Schmidt Kramer PC, and hereby sets forth the following:

### PARTIES

1. Plaintiff Kerry Ponder is an adult individual, who is a citizen of Louisiana residing at 24 Vivian Court, New Orleans, Orleans County, Louisiana.

2. Defendant Charter Oak Fire Insurance Company (hereinafter "Charter Oak") is an insurance company organized and domiciled under Connecticut law with its home office located at One Tower Square, Hartford, Connecticut, 06183 and is a subsidiary of Travelers Companies, Inc.

## ALLEGATIONS OF JURISDICTION AND VENUE

3.      Plaintiff Kerry Ponder invokes the jurisdiction of this Court under 28 U.S.C. § 1332(a) and F.R.C.P. 8(a)(1) as this is a civil action between citizens of different states where the amount in controversy is in excess of $75,000.00.

4.      Venue lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 as the incident described herein occurred in the Eastern District of Pennsylvania.

## OPERATIVE FACTS

5.      Plaintiff Kerry Ponder was driving a 2015 Chevrolet 2500 pick-up and pulling a trailer with a heavy scissor lift owned and insured by his employer, Lin R. Roger Electrical, at the time of the crash.

6.      Lin R. Roger Electrical insured the 2015 Chevrolet 2500 pick-up through Charter Oak Fire Insurance Company, Policy, Policy Number: UTC20-CAP-5787854-0-C0F-16

7.      As part of the automobile insurance provided to persons in Pennsylvania, Charter Oak provided underinsured motorist coverage (UIM) to policyholders that purchased said coverage, including Plaintiff Kerry Ponder.

8.      As of November 12, 2016, Charter Oak provided underinsured motorists benefits of up to $950,000.00, on information and belief.

9.      On November 12, 2016, at 7:50 p.m. Plaintiff Kerry Ponder was driving his employers pick up truck and trailer southbound on State Route 183/Bernville Road approaching the intersection of State Route 183/Bernville Road, and Robesonia Road in Penn Township, Berks County, Pennsylvania.

2

10.     Luiggy Perez Concepcion was traveling east on Robesonia Road approaching the intersection of State Route 183/Bernville Road, and Robesonia Road.

11.     Luiggy Perez Concepcion pulled out from a stop sign directly in front of Plaintiff Kerry Ponder's vehicle causing Luiggy Perez and Kerry Ponder to crash.

12.     On or about December 21, 2017, Kerry Ponder settled the third party liability claim with Luiggy Perez Concepcion for $50,000.00, which was the policy limit.

13.     Defendant Charter Oak consented to a third-party settlement and waived its right to subrogation by letter dated December 8, 2017.

14.     Given that Mr. Luiggy Perez Concepcion was underinsured, Plaintiff Kerry Ponder, by and through his counsel, made an underinsured motorist claim.

15.     As such, Plaintiff Kerry Ponder believes and avers that the vehicle that he was operating at the time for the subject collision is an UNDERINSURED MOTOR VEHICLE under The Policy.

16.     Since the time Defendant Charter Oak provided consent to settle in December 8, 2017, it was aware that Plaintiff Kerry Ponder had not received any compensation for his injuries as a result of the liability settlement and that a significant subrogation lien exists, yet no offer of settlement is made.

17.     There are no other parties who may be legally liable for damages.

3

18.    Plaintiff Kerry Ponder provided Defendant Charter Oak with all of his accident-related medical records and medical reports, after opening the underinsured motorist claim.

19.    Plaintiff Kerry Ponder advised Defendant Charter Oak that Plaintiff's medical bills and partial loss of earnings were being paid by a workers' compensation carrier at the time of Charter Oak's consent to settle the lien exceeded the underlying policy limits.

20.    On February 6, 2018, Plaintiff Kerry Ponder advised Defendant Charter Oak that there was a significant recoverable Workers' Compensation lien.

21.    On June 28, 2018, and October 19, 2018, Plaintiff Kerry Ponder forwarded to Defendant Charter Oak copies of Plaintiff's medical records and updated medical records.

22.    On April 18, 2019, Plaintiff Kerry Ponder provided Defendant Charter Oak copies of his previous letters and medical records to make certain it had the necessary information to evaluate the underinsured motorist file.

23.    On December 11, 2019, Plaintiff Kerry Ponder supplied additional medical records to Defendant Charter Oak.

24.    In spite of providing Defendant Charter Oak with confirmation of over $22,000.00 in medical bills and significant lost wages, as well as confirmation that Plaintiff Kerry Ponder remained totally disabled, no offer of settlement was forthcoming.

25.     Plaintiff Kerry Ponder, through his counsel, provided Defendant Charter Oak with a demand on April 17, 2020, requesting a tender of the available underinsured motorist limits.

26.     Defendant Char4ter Oak has not responded or provided any offer of settlement.

**CLAIM I**
**KERRY PONDER V. CHARTER OAK FIRE INSURANCE COMPANY**

27.     Plaintiff incorporates all previous paragraphs as if they were set forth in full herein.

28.     As a result of the aforesaid accident, Plaintiff Kerry Ponder sustained painful and severe injuries which included but are not limited to:

    a.  Partial tear of right rotator cuff;

    b.  Right shoulder arthroscopic surgery;

    c.  Pain of the left sacroiliac joint;

    d.  Infraspinatus tear and retraction on the left shoulder;

    e.  Cervicalgia;

    f.  Thoracic disc herniation;

    g.  Disc protrusion at the cervical and lumbar spine levels;

    h.  Neuropathic and chronic pain;

    i.  Continued epidural injections; and

    j.   Pain Management Care;

29.     Plaintiff Kerry Ponder is still undergoing treatment due to his injuries.

30.   As a result of the aforementioned injuries, Plaintiff Kerry Ponder has undergone and in the future may undergo physical and mental suffering, inconvenience in carrying out his daily activities, and loss of life's pleasures.

31.   Plaintiff Kerry Ponder continues to be plagued by persistent pain and limitations and therefore, avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime.

32.   Plaintiff Kerry Ponder has sustained a serious injury which has and continues to cause restriction in his activities and has resulted in serious impairment of his bodily functions.

33.   As a direct and proximate result of the injuries sustained in the motor vehicle accident, Plaintiff Kerry Ponder has suffered a loss of wages and may have suffered an impairment of his future earning power and capacity.

WHEREFORE, Plaintiff Kerry Ponder demands judgment from Defendant Charter Oak Fire Insurance Company, a subsidiary of Travelers Companies, Inc., for UIM benefits, together with interest and counsel fees, expenses, for an amount in excess of $75,000.00 exclusive of interest and costs.

## CLAIM II – BAD FAITH
## KERRY PONDER V. CHARTER OAK FIRE INSURANCE COMPANY

34.   Plaintiff incorporates all previous paragraphs as if they were set forth in full herein.

35.   On or about February 7, 1990, the Governor of Pennsylvania signed into law 42 Pa. C.S.A. §8371 (1990), effective July 1, 1990, entitled, "Actions on Insurance Policies," which provides a private cause of action for bad faith against insurance companies as follows:

6

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

    (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

    (2) Award punitive damages against the insurer.

    (3) Assess court costs and attorney fees against the insurer.

36.    Plaintiff Kerry Ponder avers that Defendant Charter Oak Insurance Co. has failed to pay UIM benefits without reasonable justification.

37.    Defendant Charter Oak's continuing "bad faith" warrants an award for interest equal to the prime interest rate plus 3%, punitive damages, court costs, and attorney's fees, pursuant to 42 Pa. C.S.A. §8371 (1990).

WHEREFORE, Plaintiff Kerry Ponder demands judgment from Defendant Charter Oak Fire Insurance Company, a subsidiary of Travelers Companies, Inc., for UIM benefits, together with punitive damages, interest, counsel fees, and expenses, for an amount in excess of $75,000.00 exclusive of interest and costs.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By:_____

Michael E. Kosik, Esquire
Attorney I.D. #36513
209 State Street
Harrisburg, PA 17101
(717) 232-6300
Attorneys for Plaintiff

Date: Oct. 12, 2020

**VERIFICATION BASED UPON PERSONAL KNOWLEDGE
AND INFORMATION OBTAINED THROUGH COUNSEL**

I, Kerry Ponder, verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon information which has been gathered by my counsel in the preparation of this lawsuit. The language of the Complaint to the extent that it is based upon information that I have given to my counsel is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I relied upon counsel making this Verification.

I understand that intentional false statements herein are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

**Date:** _10/ 4/20_                               _Kerry Ponder_

                                               **Kerry Ponder**